IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No. 4:17-cv-00170-FL

KIMBERLY D. HOGAN, Administrator of the Estate of Amanda Yvonne Hogan,

    Plaintiff,

v.

SHERIFF ASA B. BUCK, III, and CAPTAIN DANIEL KING, in their individual and official capacities, CARTERET COUNTY, CARTERET COUNTY DETENTION OFFICERS WILLIE JOHNSON, MELISSA BRAZIE, TAMIRYA FARRAR, TAYTIANA TAYLOR aka TAYTIANNA TAYLOR, MARY GEORGE, CATHY JONES, MELISSA KING, CAROL LOCKETT, in their individual and official capacities, SARAH H. PARDUE and JESSICA L. SAUCIER, in their official and individual capacities, SOUTHERN HEALTH PARTNERS, INC., and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Defendants.

**ORDER**

---

    This matter comes before the court upon the Parties' Joint Motion to Seal the proposed Settlement Agreement and Disbursement ledger in this action. [DE-67]

<u>Findings of Fact</u>

1. This case arises out of the suicide of Amanda Hogan on December 7, 2015 from an attempt she made when she was incarcerated at the Carteret County Detention Center.

2. Amanda Hogan was married to Kerry Rey at the time of her death and had two minor children, who are still minors.

3. This action commenced on December 6, 2017 with the filing of the Complaint. The minor children are not parties to the action and have not been named in any court filing in this action.

4. The proposed sealed documents refer to the minor children by their initials only.

5. The use of initials alone does not adequately protect the minor children's identify because the full name of their late mother is in the caption of this action and the full name of their father is in the proposed sealed documents.

6. The proposed sealed documents are the proposed settlement agreement and proposed disbursement ledger, which contain the details of the total settlement amount and how all the proceeds are be disbursed.

7. The instant Motion to Seal is made jointly by all the parties to this action.

## Conclusions of Law

When considering a Motion to Seal, district courts must give the public notice of the request to seal and a reasonable opportunity to challenge the request. *See In re Knight Publ'g*, 743 F.2d 231, 235 (4th Cir. 1984). The filing of a litigant's Motion to Seal, such as the parties' Joint Motion to Seal [DE-___], is sufficient to provide public notice and opportunity to challenge the request to seal. *See id*. The court must also consider less drastic alternatives to sealing, if any. *See id*. Finally, the court must identify whether the First Amendment or common law rights of access apply and, if so, whether applicable counterbalancing privacy interests may overcome such public rights of access. *See id*.

**The Minors' Privacy Interests Overcome the Common Law Right of Access**.

Under the common law right of access, there is a presumptive right for the public to inspect and copy all "judicial records." *See Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir.

1988). Courts have held that documents reviewed in connection with a motion for court approval of a settlement constitute "judicial records" and are subject to the common law right of access. *See White v. Bonner*, No. 4:10-CV-105-F, 2010 U.S. Dist. LEXIS 118038, 2010 WL 4625770, at *1 (E.D.N.C. Nov. 4, 2010) (applying the common law right of access to the parties' Motion to Seal their settlement agreement in a wrongful death action). The common law right of access can be overcome if the parties' privacy interests outweigh the public interest in access. *See Stone*, 855 F.2d at 180. Here, the parties' settlement agreement contains specific dollar amounts of settlement funds allotted to each wrongful death beneficiary, including the minor Plaintiffs. The public, on the other hand, has no interest in accessing the details of disbursements to the non-party wrongful death beneficiaries, including the minors.

Courts have repeatedly held that minors' privacy interests in medical and financial information, such as that reflected in the settlement agreement and settlement documentation, overcome the common law right of access in granting motions to seal. *See, e.g., Webster Groves Sch. Dist. V. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1375 (8th Cir. 1990)(holding that minor's privacy rights justified closing all proceedings and sealing all records); *Wittenberg v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, No. 1:05cv00919, 2009 U.S. Dist. LEXIS 51774, 2009 WL 1684585, at *2-3 (M.D.N.C. June 16, 2009) (granting a Motion to Seal a minor settlement agreement in order to protect the minor's privacy). Accordingly, the parties' Joint Motion to Seal [DE-____] should be granted because the minors' privacy interests in this case also overcome the common law right of access.

**The Compelling Governmental Interest in Protecting the minors' Privacy Outweighs Any First Amendment Right of Access**.

The purpose of the First Amendment right of access is to allow for public oversight of the judicial process. *See Press-Enter. Co. v. Superior Court of Ca. for Riverside Cnty.*, 478 U.S. 1, 8, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986). The First Amendment right of access only attaches if(l) "the place and process have historically been open to the press and general public" and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Id.* Courts have applied the First Amendment right of access to settlement agreements that are reviewed in connection with motions for court approval of minor settlements. *See, e.g., Bonner*, 2010 U.S. Dist. LEXIS 118038, 2010 WL 4625770 at *1. The First Amendment right of access may be denied if there is a compelling government interest and the denial is narrowly tailored to serve that interest. *See Stone*, 855 F.2d at 180. In considering whether there is a compelling governmental interest to overcome the First Amendment right of access, courts should consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g*, 743 F.2d at 235.

Applying these standards to the facts at hand, the court finds that no public interest is served and no public oversight furthered by publicly disclosing the private details of the settlement agreement and documentation. Instead, the minor Plaintiffs could be exposed to public shaming and unfair disadvantage. Courts have held that compelling governmental interests require the sealing of documents relating to minors. *See, M.P. v. Schwartz*, 853 F. Supp. 164, 168 (D. Md. 1994) (sealing minors' complaint where there was a compelling government interest in protecting the confidentiality of the minors' identity). Furthermore, Rule 5.2 of the

Federal Rules of Civil Procedure and Local Rule 17.1 (c) exist for the specific purpose of protecting the privacy of litigants, particularly minor litigants, in publicly-filed court documents. *See also* E-Government Act of 2002, Pub. L. No. 107-347, § 205(c)(3), 116 Stat. 2899, 2914-15 (exempting from public disclosure those documents implicating sufficient privacy concerns). The commentary to Rule 5.2 notes that information that must be disclosed under the rule (e.g., a minor's initials) can still be protected under certain circumstances. Accordingly, this court finds that compelling governmental and privacy interests justify maintaining the confidentiality of the minors' information contained in the settlement agreement and settlement documentation.

Therefore, the parties' Joint Motion to Seal [DE-68] should be granted because the compelling governmental and privacy interests in this case overcome the First Amendment right of access.

**Sealing Is Narrowly Tailored and Necessary to Protect the minor Plaintiffs' Privacy**.

The parties' Joint Motion to Seal [DE-68] is narrowly tailored to apply only to the settlement agreement and settlement documentation, which contain the identify and financial information relating to the minors in this case.

Because the minors' mother is named in the pleadings, the use of the minors' initials in the settlement agreement and settlement documentation does not provide any practical protection for the minors' identity and confidential information. *See, e.g., Schwartz*, 853 F. Supp. at 168 (finding that "naming the parent or parents of the child would still inevitably lead to identification of the child" in considering a motion to unseal documents related to a minor).Therefore, it is hereby ORDERED that the Joint Motion to Seal [DE-68] is

ALLOWED. The Clerk of Court is DIRECTED to maintain under seal the Proposed settlement Agreement [DE-67] and the Proposed Sealed settlement Documentation [DE-67-1].

SO ORDERED, this the 25th day of July, 2019.

                                              LOUISE W. FLANAGAN
                                    UNITED STATES DISTRICT JUDGE